UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AUDIO VISUAL SERVICES  PLAINTIFF
GROUP, INC.

v.  CIVIL ACTION NO. 3:12-CV-00473-CRS

IT SERVICE MANAGEMENT
FORUM–USA, INC., ET AL.  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for default judgment filed by Plaintiff Audio Visual Services Group, Inc. ("AVS"), against Defendant Action Motivation, Inc. ("AMI"). For the reasons set forth below, the Court will grant the motion for default judgment.

## BACKGROUND

For the purposes of this opinion, the following facts are taken as true. Defendant IT Service Management Forum-USA, Inc. ("ITS"), is a national organization that provides career development, mentoring, and networking opportunities for information technology professionals. In the years 2006–10, Defendant ITS authorized Defendant AMI to develop, organize, and manage its annual conferences, and further agreed to be contractually bound by any agreements entered into by AMI. In preparing for the 2010 Annual Conference, AMI contacted Plaintiff AVS and requested that AVS provide audiovisual services and equipment during the conference. Prior to the 2010 Conference, AVS provided AMI with a proposal for services and equipment which detailed the services and equipment to be provided as well as their anticipated cost. At no time did either AMI or ITS object to the amount of the proposal.

Pursuant to the proposal, AVS provided all audiovisual services and equipment detailed in the proposal. At the end of the conference, AVS provided AMI with an invoice requesting payment for the services and equipment it had provided. However, AVS has yet to receive any payments for such services and equipment.

On August 8, 2012, AVS filed the present action against ITS requesting damages based on a theory of *quantum meruit* and unjust enrichment. (DN 1). On February 14, 2013, AVS filed its First Amended Complaint, asserting the same claims against AMI. (DN 11). After AMI failed to timely respond to AVS's First Amended Complaint, the Deputy Clerk entered default against AMI (DN 15) in accordance with AVS's request (DN 14). On November 26, 2013, AVS filed the present motion for default judgment (DN 17), to which AMI has failed to respond. Having considered AVS's brief and being otherwise sufficiently advised, the Court will now consider the motion for default judgment.

**STANDARD**

Entry of default judgment constitutes admission of all well-pleaded allegations, except those pertaining to the amount of damages. *See Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); Fed. R. Civ. P. 8(d). Thus, the court must conduct an independent inquiry sufficient to establish damages to a "reasonable certainty." *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The plaintiffs bear the burden of proving its entitlement to the amount demanded. *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).

**DISCUSSION**

The sole issue is whether the facts stated above entitle AVS to recover the damages it has requested from AMI based on a theory of either *quantum meruit* or unjust enrichment.

In order to prevail on a *quantum meruit* claim under Kentucky law,[1] a plaintiff must establish four elements:

1. that valuable services were rendered ...;

2. to the person from whom recovery is sought;

3. which services were accepted by that person, or at least were received by that person or were rendered with the knowledge and consent of that person; and

4. under such circumstances as reasonably notified the person that the plaintiff expected to be paid by that person.

*Quadrille Bus. Sys. v. Ky. Cattlemen's Ass'n*, 242 S.W.3d 359, 366 (Ky.Ct.App. 2007) (citing 66 AM. JUR. 2D RESTITUTION AND IMPLIED CONTRACTS § 38 (2001)); *accord J.P. White v. Poe*, 2011 WL 1706751 (Ky.Ct.App. May 6, 2011). Clearly, AVS has successfully established all necessary elements of its *quantum meruit* claim. AVS's First Amended Complaint alleges that it rendered valuable audiovisual services and equipment to AMI, that AMI accepted such services and equipment, and that the circumstances were such that AMI should have reasonably known that AVS expected to be paid therefor. *See* (First Amended Complaint, DN 11, at ¶¶ 46, 48). Because entry of default judgment constitutes admission of all well-pleaded allegations, *see Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), the Court concludes that AVS is entitled to judgment on its *quantum meruit* claim.

---

[1] Although never explicitly stated, the Court assumes that Kentucky law applies given AVS's statement in its First Amended Complaint that "a substantial part of the events or omissions giving rise to [AVS]'s claims occurred in Louisville, Kentucky." (First Amended Complaint, DN 11, at ¶ 3). Because Kentucky courts apply the most significant relationship test in deciding choice-of-law issues, *see Saleba v. Schrand*, 300 S.W.3d 177, 180–81 (Ky. 2009) (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971), the fact that a substantial part of the events and omissions giving rise to AVS's claim occurred in Kentucky would be sufficient for Kentucky law to apply.

The only remaining issue is whether AVS has carried its burden of establishing its entitlement to the amount of damages requested. In support of its request for $163,248.53, AVS has provided the following evidence:

1. the affidavit of AVS's Account Executive Eric A. Jordan ("Jordan") (DN 17-7)
2. the invoice provided to AMI at the conclusion of the 2010 Conference (DN 17-5).

According to his Affidavit, Jordan is "responsible for, among other things, preparing, keeping, and maintaining records of [AVS] relating to amounts owed by [AVS's] customers." (Declaration of Eric A. Jordan, DN 17-7, at ¶ 3). Further, Jordan states that he has "reviewed the computerized accounting records maintained by [AVS] to determine the amount of money owed to [AVS] by [AMI] in connection with the 2010 Event Proposal." (Declaration of Eric A. Jordan, DN 17-7, at ¶ 7). Based on his review, Jordan concludes that "[AVS] is owed $163,248.53 in unpaid fees for services provided in connection with the Event." (Declaration of Eric A. Jordan, DN 17-7, at ¶ 10). Jordan's conclusion is further buttressed by the invoice AVS provided to AMI at the conclusion of the 2010 Conference to the extent it confirms the $163,248.53 figure. (Invoice, DN 17-5). The Court concludes that this evidence is more than sufficient to establish AVS's entitlement to the $163,248.53 it claims it is owed by AMI.[2]

---

[2] In addition to this amount, AVS also requests $395.00 in costs as well as pre- and postjudgment interest. However, because AVS has filed neither a bill of costs pursuant to 28 U.S.C. § 1920 nor a verification of bill of costs pursuant to 28 U.S.C. § 1924, it is not entitled to an award of costs. Moreover, to the extent AVS has failed to substantiate its request for prejudgment interest, the Court will not enter judgment therefor unless and until AVS is able to do so.

However, the Court will grant AVS's request for postjudgment interest because such interest in clearly recoverable under federal law. In *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400 (6th Cir. 2005), the Sixth Circuit held that "[i]n diversity cases…, federal law controls postjudgment interest but state law governs award of prejudgment interest." *Id.* at 409. Pursuant to the federal interest statute codified at 28 U.S.C. § 1961(a):

> Interest shall be allowed on any money judgment in a civil case recovered in a district court ... such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that AVS's Motion for Default Judgment against AMI is **GRANTED**.

There being no just reason for delay in its entry, this is a final order. A separate judgment will be entered in accordance with this opinion and order.

**IT IS SO ORDERED**.

                                                                        **Charles R. Simpson III, Senior Judge**
                                                                            **United States District Court**

January 16, 2014

---

*Id.* Accordingly, the Court will enter judgment reflecting the award of post-judgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment, with such interest to "be computed daily to the date of payment." 28 U.S.C. § 1961(b).